J-S14010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
        :        PENNSYLVANIA
        :
     v.        :
        :
        :
EMILY SCHUTZ        :
        :
     Appellant      :   No. 1169 WDA 2022

Appeal from the Judgment of Sentence Entered June 15, 2022
In the Court of Common Pleas of Butler County
Criminal Division at No(s):  CP-10-CR-0000898-2020

BEFORE:   PANELLA, P.J., BENDER, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:        **FILED: July 10, 2023**

Emily Schutz appeals from the judgment of sentence entered in the Butler County Court of Common Pleas on June 15, 2022, following her conviction for driving under the influence ("DUI") - controlled substance. On appeal, Schutz challenges the admission of scientific testimony, the denial of her post-sentence motion, and both the sufficiency and the weight of the evidence underlying her conviction for DUI. After careful review, we affirm.

The trial court accurately summarized the factual history from the trial testimony as follows:

> At the trial, Corporal Michael Schmidt, a Pennsylvania State Trooper, testified about his encounter with [Schutz] in the early hours of May 17, 2020[,] starting around 12:30 in the morning. He was responding to an accident in Middlesex Township along Route 8 where both North and Southbound lanes were closed.

---

[*] Retired Senior Judge assigned to the Superior Court.

Vehicles were unable to travel in either direction of the four lane major thoroughfare. Both lanes of traffic were blocked with varying police and fire department vehicles with their respective emergency lights engaged. He, along with another law enforcement officer, were blocking the roadway one way with their vehicles and flares across the roadway in an effort to prevent traffic from entering the accident scene. When he encountered an oncoming vehicle, he would have them turn around and find an alternate route. At the time the Corporal came into contact with [Schutz], a medical helicopter was landing at the scene.

Corporal Schmidt made a stop of [Schutz]s vehicle when he believed [Schutz] was attempting to go around the accident scene. [Schutz] was observed to be driving across the roadway cutting diagonal at a 45-degree angle aimed toward a parking lot where the Corporal believed would ultimately interfere with the helicopter landing. Corporal Schmidt stopped [Schutz]'s vehicle before it could enter the lot.

Once stopped, he engaged [Schutz] and ultimately asked for her identification. During the initial encounter, he testified, "At that point I had asked her for her identification, which she provided me her driver's license. And during that initial encounter with her is when I determined that I could smell an odor of marijuana coming out of the vehicle."

Corporal Schmidt also observed [Schutz] to have bloodshot eyes, heavy eyelids, and smaller than average pupils. Based on the Corporal's extensive training and experience with [DUIs], he instructed [Schutz] to exit her vehicle and submit to a litany of field sobriety tests.

Corporal Schmidt, at the time of the trial, testified to making over 250 arrests related to [DUIs] in addition to being recognized by the Pennsylvania DUI Association as a Top Gun DUI Award winner for the past three years. The award is given to troopers with 50 or more DUI arrests. He has also taken many courses and trainings related to DUI detection during his career as a state trooper.

Once [Schutz] was out of the vehicle, Corporal Schmidt guided her across the road to his vehicle to administer standardized field sobriety testing. In addition to his personal observations, he administered multiple tests that included the

Horizontal Gaze Nystagmus test (HGN), Lack of Convergence test, the Walk and Turn test, One Leg Stand test, and the Modified Romberg Balance test.

[Schutz] was not capable of properly executing the directions for the Walk and Turn test. There, [Schutz] did not take the proper amount of steps in both directions. In addition to that, [Schutz] was unable to perform the heel to toe steps on all of the steps taken. During the One Leg Stand test, [Schutz] was unable to stand on one leg without her foot stepping back onto the pavement and or using her arms to prevent her from swaying.

Corporal Schmidt also testified to not solely relying on the HGN test alone to make his determination. Specifically, he stated, "That [HGN test] is an element of the totality of what I observed leading me down to make an arrest, yes. Not solely based on just that."

At the conclusion of all the field sobriety testing, Corporal Schmidt made a determination, based on the totality of the circumstances. He stated, "My determination, based on the totality, from the time I first observed the vehicle until I'm at this point [post field sobriety testing], is that this individual is more than likely incapable of safe driving and impaired on a controlled substance."

[Schutz] briefly testified at trial about having scoliosis. When asked how it affected her, she stated, "Back pain. It's crooked. So it makes me walk crooked. Do you want to see it?" The Court finds credible the Trooper's processes and procedures when performing field sobriety testing. Additionally, the Court does not find credible [Schutz]'s reasoning for failing to perform the field sobriety testing to a satisfactory level.

Since Corporal Schmidt was at an active accident scene, he contacted additional troopers who were close in proximity to the scene to help assist with [Schutz] after the completion of the field sobriety tests. One of the troopers that arrived at the scene to assist was Trooper Francis Walters. In terms of how long it took the assistance to arrive on scene, Trooper Walters testified arriving, "Within minutes. We were in the area." Once he arrived on scene, he placed [Schutz] in his vehicle and transported her to Butler Memorial Hospital.

Trooper Walters also testified to his personal observations of [Schutz]. He testified, "While transporting her, I was able to smell the odor of marijuana and an alcoholic beverage." Additionally, when asked if [Schutz] was wearing a protective facemask, he answered, "I don't believe so." Once at the hospital, Officer Walters read the DL-26B to [Schutz] in which she declined to sign it along with refusing to submit to chemical testing.

Trial Court Opinion, 12/29/2022, at 1-4 (citations omitted). Schutz was charged with two counts of DUI - general impairment and controlled substance, along with three summary offenses for driving on the wrong side of the road, careless driving, and for having an expired registration.

On May 11, 2022, after a bench trial, the trial court found Schutz guilty of one count of DUI - controlled substance and the summary offense of operating a vehicle without a certificate of inspection. On June 15, 2022, the trial court sentenced Schutz to seventy-two hours to six months' imprisonment, plus fines and court costs. The trial court denied Schutz's post sentence motion for judgment of acquittal or a new trial, following a hearing. This timely appeal followed.

In her first issue on appeal, Schutz challenges the admission of Corporal Schmidt's testimony regarding the HGN and modified Romberg balance tests.

Our standard of review for the admission of evidence is well-settled:

The admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion. An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly

- 4 -

> unreasonable, or the result of partiality, prejudice, bias or ill-will.
>
> To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party. [A]n evidentiary error of the trial court will be deemed harmless on appeal where the appellate court is convinced, beyond a reasonable doubt, that the error could not have contributed to the verdict.

*Commonwealth v. Manivannan*, 186 A.3d 472, 479-480 (Pa. Super. 2018) (citation and internal quotation marks omitted).

At trial, Schutz objected to the testimony relating to her performance on the field sobriety tests, including the HGN test, and modified Romberg balance tests. *See* N.T., Non-Jury Trial, 5/11/22, at 16, 18, and 24. The trial court overruled Schutz's objections but limited Corporal Schmidt's testimony to his observations during his administration of the tests, preventing Corporal Schmidt from drawing any conclusions from the tests.

Schutz relies on our decision in *Commonwealth v. Stringer*, 678 A.2d 1200 (Pa. Super. 1996), to support her claim that without scientific foundation, the Commonwealth cannot present any evidence on a defendant's performance on the HGN test. *See* Appellant's Brief, at 18-20. In *Stringer*, we stated, "Pennsylvania law requires that an adequate foundation be set forth establishing that HGN testing is generally accepted in the scientific community, including the medical science field of ophthalmology." *Stringer*, 678 A.2d at 1203. As a result, the *Stringer* panel found the Commonwealth's presentation of testimony about the defendant's performance on the HGN test

was not harmless error where additional evidence of guilt beyond the HGN test was lacking. *See id*.

However, we note that the *Stringer* panel reached this conclusion by distinguishing the facts before it from prior precedent. *See id.* at 1203. Specifically, the *Stringer* panel distinguished *Commonwealth v. Miller*, 532 A.2d 1186 (Pa. Super. 1987). In *Miller*, the Commonwealth did not rely solely on the defendant's performance of the HGN test to establish the defendant's intoxication. *See id.* at 1190. Therefore, even though the admission of the HGN test results constituted error, the *Miller* panel found it to be harmless in the face of the other, independent evidence of the defendant's intoxication. *See id.* ("We find that the arresting officers' observations of appellant, as well as appellant's performance on the other field sobriety tests, established a sufficiently independent basis for the jury's verdict that appellant was guilty of driving under the influence of alcohol.").

Here, Corporal Schmidt testified that he stopped Schutz's vehicle when he believed Schutz was attempting to go around an accident scene. During the initial encounter, Corporal Schmidt testified that he determined that he could smell an odor of marijuana coming out of the vehicle. Further, Corporal Schmidt observed Schutz had bloodshot eyes, heavy eyelids, and smaller than average pupils.

Based on Corporal Schmidt's extensive training and experience with DUI's, he instructed Schutz to exit her vehicle and submit to a litany of field

sobriety tests. In addition to his personal observations, Corporal Schmidt administered not just the HGN test, but also the Lack of Convergence test, the Walk and Turn test, One Leg Stand test, and the Modified Romberg Balance test. Schutz was not capable of properly executing any of the tests.

Corporal Schmidt testified that he made his ultimate determination based on the totality of the circumstances and did not solely rely on the HGN or Romberg test results. *See* N.T., Non-Jury Trial, 5/11/22, at 17, and 26-27. Further, the trial court stated in its opinion, that it did not even consider the HGN or modified Romberg balance test in reaching the verdict. *See* Trial Court Opinion, 12/29/22, at 5.

Based on the totality of the circumstances, including the full range of testimonial evidence, any testimony regarding the HGN test was harmless error. We find the observations by Corporal Schmidt of Schutz, and of Schutz's performance on the other field sobriety tests, established a sufficient independent basis for the verdict.

Additionally, based on the above information, we find Schutz's argument with regard to the modified Romberg balance test equally without merit. Schutz cites to *Commonwealth v. Gause*, 164 A.3d 532, 537 (Pa. Super. 2017) for the proposition that a police officer's lay opinion testimony that the defendant was under the influence of marijuana due to "eyelid tremors" was inadmissible and that said admission of testimony was not harmless error. However, once again, the *Gause* panel's conclusion that admission of the

evidence was not harmless was based on the lack of any other independent evidence of the defendant's intoxication. ***See id.*** at 540.

Conversely, and as explained above, there was sufficient other evidence presented here to support Schutz's conviction for DUI, including other testimonial evidence, and Corporal Schmidt's observations of Schutz's performance on other non-scientific field sobriety tests. Schutz even admits as much, when she acknowledges there are circumstances that distinguish this case from ***Gause***. ***See*** Appellant's Brief, at 22-23. Specifically, unlike in ***Gause***, Corporal Schmidt did not conclude Schutz was impaired by marijuana solely on the basis of the modified Romberg balance test. Rather, Corporal Schmidt based his conclusions on the totality of the circumstances from the start of his interaction with Schutz until the end of the interaction, including his observed odor of marijuana coming from the car, and Schutz's poor performance on all of the tests.

Accordingly, as we find any error based on testimony regarding these tests is harmless, Schutz's first issue is without merit.

In her second issue on appeal, Schutz argues the trial court abused its discretion when it denied her post-sentence motion for judgment of acquittal or a new trial. Notably, Schutz provides no individual argument for this issue. Rather, Schutz directs us to the arguments provided for her first and third issues, claiming this issue is addressed fully therein. Due to our disposition on Schutz's other issues, and Schutz's failure to develop this issue, we do not

reach this issue. **See Commonwealth v. Williams**, 732 A.2d 1167, 1175 (Pa. 1999) (noting that relief is unavailable based upon undeveloped claims for which insufficient arguments are presented on appeal).

In her third issue, Schutz challenges both the sufficiency and weight of the evidence supporting her conviction for DUI. We are constrained to conclude both challenges are waived.

It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998). Further, an appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. **See** Pa.R.A.P. 1925(b)(4)(ii) (requiring a Rule 1925(b) statement to "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge"). A Rule 1925(b) concise statement that is too vague can result in waiver of issues on appeal. **See Commonwealth v. Dowling**, 778 A.2d 683, 686-687 (Pa. Super. 2001) ("a [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all").

> If [an appellant] wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. [Where a] 1925(b) statement [ ] does not specify the allegedly

unproven elements[,] ... the sufficiency issue is waived [on appeal].

***Commonwealth v. Tyack***, 128 A.3d 254, 260 (Pa. Super. 2015) (citation omitted). Further, waiver applies even where the trial court addresses the issue in its Rule 1925(a) opinion and where the Commonwealth does not object to the defective Rule 1925(b) statement. ***See Commonwealth v. Williams***, 959 A.2d 1252, 1257 (Pa. Super. 2008) ("The Commonwealth's failure and the presence of a trial court opinion are of no moment to our analysis because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion, not in a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim.") (citations omitted).

Here, Schutz's Rule 1925(b) statement simply includes a blanket statement challenging whether the evidence was sufficient to sustain a guilty verdict for DUI - controlled substance. ***See*** Appellant's 1925(b) Statement, 10/20/2022. The statement fails to "specify the element or elements upon which the evidence was insufficient" to support Schutz's conviction. As a result, we must conclude Schutz's sufficiency of the evidence claim is waived on appeal. ***See Williams***, 959 A.2d at 1257-1258.[1]

---

[1] Even if Schutz had properly preserved this issue, we would find it would merit no relief. Schutz challenges only the sufficiency of the evidence to establish that she was impaired. ***See*** Appellant's Brief at 26-27. We conclude that Trooper Schmidt's testimony, set forth above, was sufficient to establish that Schutz was impaired.

- 10 -

Further, a review of the record reveals Schutz did not properly preserve a weight challenge before the trial court.

Pennsylvania Rule of Criminal Procedure 607(A) requires a challenge to the weight of the evidence to be raised with the trial court in a motion for a new trial that is presented "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A). "Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion." *Commonwealth v. Lofton*, 57 A.3d 1270, 1273 (Pa. Super. 2012) (citation omitted).

In her post-sentence motion, Schutz conflated not only the distinct issues of sufficiency and weight of the evidence, but also conflated the distinct requests for judgment of acquittal versus a new trial.

While Schutz requested either of the above avenues of relief in her post-sentence motion, she did so under a section simply titled "Motion for Judgment of Acquittal", a remedy applicable to a challenge to the sufficiency of the evidence only. *Compare* Pa.R.Crim.P. 607, (specifying that the remedy for a challenge to the weight of the evidence is a new trial) *with* Pa.R.Crim.P. 606, (specifying that the remedy for a challenge to the sufficiency of the evidence is a judgment of acquittal). Despite Schutz's inclusion of general language referencing the weight of the evidence, Schutz proceeded to present an argument regarding only the sufficiency of the evidence in the motion, as well

as in a memorandum of law requested by the trial court. Substantively, Schutz's argument in post-sentence proceedings was against the sufficiency of the evidence, and the trial court treated it as such. ***See*** Memorandum Opinion, 9/13/22. As a result, we have no ruling on the weight of the evidence to review. ***See Commonwealth v. Blakeney***, 946 A.2d 645, 653 (Pa. 2008) ("an appellate court determines whether the trial court abused its discretion based upon a review of the record; its role is not to consider the underlying question in the first instance." (citation omitted)). Accordingly, the weight of the evidence was not properly preserved. Therefore, we conclude the weight of the evidence claim is waived. ***See*** Pa.R.Crim.P. 607(A); ***Lofton***, 57 A.3d at 1273.

As we find Schutz's claims are either waived or without merit, we affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/10/2023